IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| FARRIS WILLIAMS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-04-103 |
| | § | |
| CITY OF PORT LAVACA, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Farris Williams, Jr., a former jail inmate, has filed a civil rights complaint against the City of Port Lavaca, Port Lavaca Police Chief John Stewart, Port Lavaca Police Officer Bryan Dowden, and Port Lavaca Police Officer Mike Gibson. Williams claims that he was subjected to false arrest, excessive force, wrongful prosecution, and false imprisonment. After reviewing the Original Complaint and Farris's responses to the court's Order for More Definite Statement, this court has determined that the action should be dismissed because it lacks any basis in law.

**I. Allegations**

The incidents in question occurred pursuant to an arrest made in Port Lavaca, Texas, during the evening of October 29, 2003. Williams alleges that Officers Gibson and Dowden went to George Adams Park to investigate a report that a fight was in progress at the park. When they arrived, they found twenty or more individuals including Williams whom they singled out for questioning because they were familiar with him. When Williams protested that they had unfairly singled him out,

Dowden grabbed him by the wrists and placed him under arrest for public intoxication. He handcuffed Williams behind his back so tightly that the cuffs cut into his skin and cut off his circulation.

The officers took Williams to the patrol car and ordered him to get inside. Instead, Williams turned around and denied being under the influence of any intoxicant or having had anything to drink. Apparently annoyed by Williams's lack of cooperation, Dowden asked Gibson if he had any pepper spray with him. When Gibson answered negatively Dowden told Gibson to get in the other side of the car and pull Williams into the car. Gibson did so by grabbing Williams by the cuffs and pulling him down while Dowden was on the other side pushing him onto the back seat. Williams complains that Gibson's actions stretched his arms and that he was forced to sit in an uncomfortable position. Williams denies ever making any verbal threats or threatening movements during the incident; however, he was charged with assaulting a public servant. The district attorney declined to prosecute the charge.

Williams complains that there was swelling, soreness, and tenderness in both wrists due to the handcuffing. He also states that his chest and shoulders were stiff and painful from being pulled into the backseat. Williams was first taken to Calhoun County Jail and then to the local hospital where he was given Motrin and soon returned to jail. He was also treated by jail medical personnel although he was never taken back to the hospital for further treatment. Williams admits that his shoulder and chest pains are gone, but contends that his shoulders are tender.

Although Williams was never prosecuted for assaulting a public servant, he was charged with and found guilty of public intoxication, a Class C misdemeanor on August 23, 2004. The court assessed punishment for time previously served in jail. Williams contends that he was wrongly convicted and sentenced due to illegal arrest. He asserts that he was tested when he was taken to

the hospital immediately after his arrest and that the results were normal and did not indicate that he was intoxicated. He further complains that he was incarcerated from October 29, 2003, until February 6, 2004, well beyond the maximum punishment he could have received for the conviction. Williams admits that he never appealed the conviction or the sentence. Williams also states that he was on probation at the time of the false arrest and that his probation was revoked as a result.

Williams seeks monetary damages for the pain and suffering, mental anguish, lost wages, and forfeiture of school loans and grants brought about by the defendants' use of force, battery, negligence, and conspiracy.

## II. Analysis

Williams's claims against Port Lavaca have no basis in law because he has failed to present any facts which indicate that the purported injuries were the product of an official policy or custom of the City. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 113 S.Ct. 1160, 1162 (1993). At the most, Williams has presented facts concerning isolated deprivations; this is insufficient to establish that the officer's actions were made pursuant to a sanctioned policy. *City of Oklahoma City v. Tuttle*, 105 S.Ct. 2427, 2436 (1985); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). In addition to failing to demonstrate that there was any official policy behind the complained of actions, Williams's claims against Chief Stewart are insupportable because he has failed to show how Stewart was personally involved in the alleged violations. *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). It is not enough to show that a defendant was in charge of the police department and was responsible for the acts of

3

his subordinates. *Id.* "There is no respondeat superior liability under section 1983." *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).

Williams allegations regarding the officers' use of force during the arrest do not establish claim either. Such claims are analyzed under the Fourth Amendment's "reasonableness" standard. *Graham v. Connor*, 109 S.Ct. 1865, 1871 (1989). In doing so, the court balances the rights of the arrestee under the Fourth Amendment interests against the interests of government. *Id.* In order to assert a viable claim Williams must show that he "(1) suffered some injury which (2) resulted from force that was clearly excessive to the need for force; (3) the excessiveness of which was objectively unreasonable." *Heitschmidt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998), *citing Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996).

Williams admits that he did not readily comply with the officers' orders and attempted to argue with them. The officers responded by physically subduing and cuffing him, but they did not strike him. In view of the fact that they were in a park during the evening where a fight had been reported, it is understandable that the police would act decisively and forcefully to avoid the risk of any escalation of violence and possible injury. *See Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997). The fact that Williams was handcuffed too tightly does not amount to excessive force. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Moreover, Williams fails to allege that he suffered any injury beyond sore wrists, a sore chest, and tender shoulders when he was forced into the patrol car after he refused to cooperate. Such *de minimis* injuries do not support a constitutional violation. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). *See also Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). Therefore, Williams's claim regarding the officers' use of force is dismissible.

Williams fails to establish a claim regarding his arrest. In an attempt to bolster his allegations, Williams submitted a letter from Chief Stewart stating that an investigation was made following a complaint filed by Williams with the City of Port Lavaca concerning the officers' conduct during the arrest. Attachment B, More Definite Statement, Docket Entry No. 11. Stewart's letter stated that an investigation revealed that the officers had been dispatched to the park to investigate a report that a fight had occurred there. *Id*. The report indicated that a person fitting Williams's description was involved. *Id.* As the officers approached Williams, they noticed that he had blood on him. *Id.* They also saw that he was visibly agitated and had been perspiring despite the fact that it was a cool night. *Id.* They determined that Williams's aggressive behavior indicated that he had been drinking and that he presented a danger to himself and others. *Id.* Given the totality of the facts, the officers did not violate Williams's rights by arresting him. *Spiller v. City of Texas City*, 130 F.3d 162, 165 (5th Cir. 1997). *See also Glenn*, 242 F.3d at 313.

In addition, Williams's complaint that he was subjected to a false arrest is not borne out by the subsequent legal proceedings. He admits that he was later found guilty of public intoxication. Such a finding clearly vindicates and upholds the officers' decision to arrest him. *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999). Further, Williams is precluded from challenging his arrest and incarceration because he has failed to obtain a reversal of the criminal court's judgment. *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994); *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

The federal courts are authorized to screen and dismiss frivolous complaints filed by prisoners. 28 U.S.C. § 1915A; *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998). This action is frivolous because it has no legal basis. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### III. Motion for Court Appointed Counsel

Williams has moved for a court appointed attorney in this prisoner civil rights action. In general, there is no right to court appointed counsel in civil rights cases. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). Appointment of counsel is not warranted in this action due to the elementary nature of its issues and Williams's demonstrated ability to express his claims and set forth the relevant facts. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998).

### IV. Conclusion

The court **ORDERS** the following:

1. The Motion for Court Appointed Counsel (Docket Entry No. 6) is **DENIED**.

2. This cause of action is **DISMISSED** as frivolous.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 26th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE